**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50388

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY EDWARD BROWN,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
( W-94-CR-61 (1))

Febraury 25, 1997

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

POLITZ, Chief Judge:*

Roy Edward Brown appeals his conviction of possession with intent to distribute 50 or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Concluding that the district court admitted evidence contrary to the strictures of Federal Rule of Evidence 403, we reverse the conviction and remand for a new trial.

<u>Background</u>

---

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

This appeal arises out of Brown's second trial and conviction on the stated offense. We reversed the first conviction and remanded for a new trial after finding a violation of Federal Rule of Evidence 404(b) by the admission of evidence of Brown's prior conviction of possession of crack cocaine with the intent to distribute.[1] At the second trial the prosecutor relied primarily upon the testimony of two witnesses, Kelly Hensley and Stanley Johnson, to establish Brown's guilt. Hensley testified that she saw a man holding a brown paper bag found to contain 117.51 grams of crack cocaine and identified Brown as that man. Johnson testified, over the objection of Brown, that while working in conjunction with the Killeen Police Department, he purchased crack cocaine from Brown on three separate occasions. Brown was again convicted and again appeals his conviction.

Analysis

Brown contends that the district court erred in overruling his objection and admitting evidence of his alleged participation in three drug transactions. The district court admitted the evidence as relevant to the critical issue of Brown's intent to distribute the 117.51 grams of crack cocaine he allegedly possessed.

Extrinsic evidence of "other wrongs" may be admitted at criminal trials if this evidence passes a two-part test. First, the evidence must be probative of some issue other than character. The evidence cannot be used solely to prove that the defendant is a "bad guy." Second, the probative value of the evidence must not be

---

[1] 71 F.3d 1158 (5th Cir. 1995). The facts leading up to Brown's arrest, trial, and conviction are fully explained in our earlier opinion and we do not repeat them here.

outweighed by its prejudicial effect.[2]

On appeal Brown vigorously maintains that any probative value of the evidence was outweighed greatly by its prejudicial effect. Assuming *arguendo* that the evidence was probative of intent, to determine its admissibility we must weigh its probative value against its prejudicial effect.

The probative value of extrinsic evidence introduced to prove intent must be "determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or inference."[3] In this case, the prosecutor established the intent to distribute crack cocaine element with overwhelming and uncontroverted evidence of the quantity involved and the compelling inference therefrom. Police Officer Patrick Turk, a narcotics investigator, testified that one gram of crack cocaine has a street value of approximately $200 and that 117.51 grams of crack cocaine has a street value of over $23,000. Turk further testified that crack cocaine is usually sold on the street in the form of small rocks in quantities of 0.1 to 0.2 grams and that 117.51 grams of crack cocaine is a "wholesale quantity, a dealer's quantity."

This testimony combined to establish affirmatively the element of intent to distribute crack cocaine and was admitted without objection or contradiction by Brown. Therefore, the extrinsic evidence of the three drug transactions between Brown and Johnson, had very little, if any, probative value on the issue of intent,

---

[2] **United States v. Beechum**, 582 F.2d 898 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 (1979).

[3] **Id.** at 914.

whereas the prejudice resulting from its admission obviously overwhelms. This evidence was such that the jury likely convicted Brown on the basis of their perception of him as a drug dealer rather than the evidence actually before them.

Evidence of the three drug transactions was improperly admitted, and this error was not harmless beyond a reasonable doubt.[4] As in Brown's first trial, the evidence in the second trial was not so overwhelming that the jury likely disregarded Johnson's testimony. Brown's defense was that Hensley incorrectly identified him as the man she saw holding the brown paper bag. Hensley was the only eyewitness, and Brown pointed out significant differences between Hensley's description of the man she saw holding the brown paper bag and his own unchallenged physical appearance. Additionally, the prosecutor produced no physical evidence whatever linking Brown to the brown paper bag or to the crack cocaine contained therein.

We also find of considerable import the fact that the district court inadvertently gave conflicting limiting instructions to the jury. Before Johnson was allowed to testify, the district court instructed the jury that they could consider his testimony "for the limited purpose of considering . . . whether or not the Defendant possessed a controlled substance with the intent to distribute it." In the final instructions, however, the district court instructed the jury that they should consider the evidence "only to determine whether the Defendant had the intent to distribute the 'crack' cocaine as alleged." In further exacerbation of the situation, the

---

[4] **Chapman v. California**, 386 U.S. 18 (1967).

prosecutor, during closing arguments, characterized the evidence as propensity evidence. Specifically, the prosecutor stated that "[t]he question on . . . Johnson is, is he telling you the truth . . . . There's absolutely no doubt that he's into 'crack' cocaine, but who does he buy his 'crack' cocaine from? Right there [indicating Brown], that's who he told you."

Under these circumstances, we cannot say that the erroneous admission of Johnson's testimony was harmless beyond a reasonable doubt and we therefore are compelled to REVERSE Brown's conviction and REMAND for a new trial.